**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MARY ANN CASORIO, individually as Heir at Law of Decedent, James M. Casario and MARY ANN CASORIO, as Personal Representative of the Estate of James M Casorio, Decedent, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> PRINCESS CRUISE LINES, LTD., <br><br> Defendant-Appellee. | No. 15-56239 <br><br> D.C. No. 2:14-cv-08916-GHK-AJW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Submitted February 14, 2017[**]
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: M. SMITH and OWENS, Circuit Judges, and HELLERSTEIN,[***] District Judge.

Plaintiff-Appellant Mary Casorio (Casorio) appeals from the district court's order dismissing her action against Defendant-Appellee Princess Cruise Lines, Ltd. (Princess). Casorio's suit arises from the eventual death of her husband James Casorio (decedent), who fell while disembarked from a Princess Cruise on the island of St. Maarten. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The parties dispute whether admiralty jurisdiction and the Death on the High Seas Act (DOHSA) apply to any or all of Casorio's claims. We need not reach this issue, because the duty of care Casorio claims Princess breached does not exist under either general maritime law or state law.

With respect to state law, the California "wrongful ejection" cases on which Casorio relies are inapplicable, because Casorio does not claim that Princess failed to take her and decedent to their ultimate destination as contracted. *Cf. Ingham v. Luxor Cab Co.*, 113 Cal. Rptr. 2d 587, 591 (Ct. App. 2001) (common carrier violates affirmative duty to prevent harm to passenger when it "ejects a passenger

---

[***] The Honorable Alvin K. Hellerstein, United States District Judge for the Southern District of New York, sitting by designation.

2

at a place other than the designated destination and in doing so subjects the passenger to reasonably foreseeable injury"). Instead, Casorio claims that Princess was required to help arrange for medical air evacuation to a hospital superior to the one on St. Maarten.

Even if these cases apply, Princess not only left decedent in a place of relative safety, but left decedent in a place of superior safety. In doing so, Princess fulfilled its duty to "care for [its passengers] until they can be cared for by others." Restatement (Second) of Torts § 314A(1)(b). Under the circumstances, it was reasonable for Princess to send decedent to a hospital with better medical care than the ship could provide, where decedent's condition could be accurately evaluated and air evacuation could be arranged. *See* Restatement (Second) of Torts § 314A, Comment (e) (requiring only that a passenger receive "reasonable care under the circumstances"). To require more would be to impose a higher burden on common carriers than California law requires. *Cf. Ingham*, 113 Cal. Rptr. 2d at 597 (agreeing that the burden on a common carrier is a "minimal" one to "refrain from wrongfully ejecting its passengers").

Similarly, general maritime law does not require the level of care Casorio argues Princess should have exercised. Maritime law requires a cruise ship "to exercise reasonable care under the circumstances of each case." *Chan v. Soc'y*

3

*Expeditions, Inc.*, 123 F.3d 1287, 1290 (9th Cir. 1997). The kind of care sought by Casorio would not be reasonable under the circumstances, and Casorio provides no authority that says otherwise. Because Princess did not owe the duty of care Casorio seeks to impose, the district court properly dismissed Casorio's claims under DOHSA, as well as under state law.

Casorio's claims for "personal injuries" and "infliction of emotional distress" are premised on the same purported duty that underlies Casorio's other claims. Because that duty does not exist under state law or general maritime law, these claims also fail. In particular, although Princess's conduct did not rise to the level of helpfulness desired by Casorio, it also did not fall below the standard of care reasonably owed to decedent under the circumstances. Therefore, it does not qualify as negligent or "extreme and outrageous conduct." *Hughes v. Pair*, 209 P.3d 963, 967 (Cal. 2009) (quoting *Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 819 (Cal. 1993)). Thus, the district court did not err in dismissing these claims.

**AFFIRMED.**

4